### Asahel Bennett, Admr., v. Galileo Morris, et al.

1. CONTRACTS—*construction of.* Extrinsic facts and circumstances will sometimes be considered in arriving at the intention of the parties.

2. WIDOW'S AWARD—*when an implied waiver of, is not established.* An implied waiver by the widow of the right to an award does not appear where she had joined with the heirs in an agreement, such as is authorized by statute, to settle her husband's estate without administration, contemplating, in common with such heirs, that the personal estate of the decedent would be ample to pay his debts, leaving unimpaired, as her portion, a life estate in the real estate of such decedent, and it develops that such personal estate was not sufficient to pay such debts.

3. SETTLEMENT OF ESTATE—*when agreement as to, becomes inoperative.* Where, after an agreement has been made under the statute to settle an estate without administration, it becomes necessary to administer in the usual way, such agreement, so far as it remains executory, becomes inoperative, and the rights of the parties are to be determined as if no agreement had been made.

Petition to set aside allowance of widow's award. Appeal from the Circuit Court of Edgar County; the Hon. HENRY VAN SELLAR, Judge,

presiding. Heard in this court at the November term, 1902. Reversed and remanded. Opinion filed November 9, 1903.

F. W. DUNDAS and H. S. TANNER, for appellant.

J. W. HOWELL, J. W. SHEPHERD and F. C. VAN SELLAR, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

The facts involved in this case are substantially as follows: William H. Morris, who was at the time a resident of Clark County, Illinois, died intestate, February 16, 1899, leaving Jane Morris, his widow, and appellees, his children, as his sole heirs-at-law. On February 24, 1899, for the purpose of settling his estate without the trouble and expense of administration under the statute, the estate being solvent and all the heirs of legal age, a written agreement was entered into between the widow and appellees by which appellees agreed that the widow should have the use of the farm, which was all the real estate owned by decedent, for the term of her natural life. The widow on her part agreed that appellees were to be permitted to sell the personal property for the purpose of paying the funeral expenses and other indebtedness of the estate. If, however, the amount realized from the sale of the same was more than sufficient to pay such indebtedness, the widow was to be entitled to her portion of the surplus. Pursuant to said agreement appellees proceeded to sell the personal property and apply the same upon the indebtedness of the estate. The amount realized therefrom, however, was insufficient to pay all the debts, the claim of one Ella Bennett for $150 and several smaller claims being left unpaid. On January 21, 1901, upon the petition of the widow, letters of administration upon the estate of Morris were issued by the County Court of Edgar County to appellant. A warrant was issued to appraisers who reported that they found no personal property to appraise, and fixed the widow's award at $687.50. Appellees then filed a petition asking that said award be set aside, claiming that under said agreement the estate was to be settled out of court without the appoint-

ment of an administrator, and that the widow accepted in lieu of any and all claims whatsoever against said estate, the use of the real estate left by decedent, for her life. The County Court denied the prayer of the petition and an appeal was then taken by appellees to the Circuit Court, where upon a hearing, the Circuit Court entered an order disallowing the award, ordering the same set aside and entering the judgment against appellant for the costs of the proceeding, from which judgment an appeal is taken to this court.

Appellees contend that under the agreement, the widow waived her statutory right to an award, while appellant insists that even if a waiver can be implied it was based upon the further implied condition that appellees would pay all of the indebtedness of the estate, and that having failed to perform the agreement on their part, they can not compel performance thereof by the widow.

Construing the agreement in connection with the extrinsic facts and circumstances in order to arrive at the intention of the parties, it seems clear that the widow must be held thereby to have waived her right to take the specific articles to apply on her award and conditionally to have waived the award in its entirety, if the proceeds of the personal property should be sufficient to pay the debts or if the debts should be paid by the appellees individually. It was evidently contemplated at the time that the personal estate would be sufficient to pay all the debts, as provision is made for the distribution of any surplus. The widow was to have a life interest in the real estate in lieu of her award, but if a sale of that real estate became necessary to pay debts, it was not contemplated that she should lose both such life estate and her award. The appointment of an administrator having been made necessary as well also a sale of the real estate to pay debts, the agreement, except so far as it has been executed, becomes inoperative and the rights of the parties are to be determined as if no agreement had been made. The agreement contains no express waiver of her award by the widow, and to hold that it

amounted to an unconditional implied waiver, would be giving it a construction not contemplated by the parties and one which would result in depriving the widow of any interest in the estate of her deceased husband.

The judgment and order of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*